**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. CR08-4024-JAJ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S BRIEF ON PSIR** |
| | ) | **¶107 OBJECTION** |
| DENNY HINKELDEY, | ) | |
| | ) | |
| Defendant. | ) | |

**TABLE OF CONTENTS**

                                                                                                                       **Page**

**I.     BACKGROUND INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

**II.    ARGUMENT AND CASE LAW**

       **A.**    **The Defendant Only Violated the Possession of Child
               Pornography Statute Once Even Though He Possessed
               Images of Child Pornography on Multiple Storage Devices** . . . . .  3

       **B.**    **When Possessing Multiple Storage Devices Containing Child
               Pornography at the Same Time, Like Drugs or Guns, it
               Should Only Be Considered One Unit of Prosecution** . . . . . . . . .  9

**III.   CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

1

**I.     BACKGROUND INFORMATION**

On March 26, 2008, an indictment was filed in this court accusing Mr. Hinkeldey of one count of receiving child pornography and six counts of possession of child pornography. All six counts of possession of child pornography in the indictment were alleged to have occurred on the same day, October 11, 2007. Hinkeldey was arrested and held in custody until his initial appearance and detention hearing held on April 2, 2008. Hinkeldey was released after the detention hearing with the mandatory conditions as required by the Adam Walsh Act to await his trial. Prior to trial the receipt charge was dismissed. The receipt charge was dismissed at the start of trail and Mr. Hinkeldey proceeded to trial on the remaining six possession counts. The jury found Hinkeldey guilty on all six counts.

**II.    ARGUMENT AND CASE LAW**

The Double Jeopardy Clause of the Fifth Amendment states "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This clause is meant to prevent the imposition of multiple punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229, 114 S.Ct. 783, L.Ed.2d 47 (1994); *United States v. Two Elk*, 536 F.3d 890, 898 (8th Cir. 2008). For the defendant to show that his or her indictment is in violation of the double jeopardy clause the defendant must show that the offenses charged are the same offense in law and in fact. *Two Elk*, 536 F.3d at 898. To determine whether the offenses are the same, the court "must scrutinize the statute in question to determine whether Congress intended the facts underlying each count to make up a separate unit of prosecution." *Id.* If Congress's intended unit of prosecution is ambiguous or unclear to the court then the doubt is resolved in favor of lenity for the defendant. *Id.*

"The danger in multiplicatus indictments is that the defendant may be exposed to multiple sentences for a single crime." *United States v. Hines*, 541 F.3d 833, 837 (8th Cir. 2008). Further, the multiplicitous indictments may appear prejudicial to the jury or sentencing court because it can exaggerate the impression of a defendant's criminal activity by charging "an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999). **"Even if a defendant waives his right to assert a multiplicity claim, he may still object to multiple sentences ... but only if the sentences are not to be served concurrently."** *Hines*, at 837-38 (*see United States v. Lemons*, 941 F.2d 309, 319 (5th Cir. 1991)). *Emphasis added*

### A. The Defendant Only Violated the Possession of Child Pornography Statute Once Even Though He Possessed Images of Child Pornography on Multiple Storage Devices.

The Second Circuit recently examined an issue nearly on-point in the case of *United States v. Polouizzi*, 564 F.3d 142, (2d. Cir. 2009), where the defendant was charged with eleven counts of possession of child pornography and twelve counts of receipt of child pornography. In that case police discovered child pornography in two rooms of Polouizzi's house. *Polouizzi*, 564 F.3d at 147. In one room were two external hard drives, in a second room was a third external hard drive which contained over 5000 videos and images. *Id.* Defendant Polouizzi argued 10 of his convictions for possession must be vacated as violating the Double Jeopardy Clause. *Id.* at 152. He contended that the conduct charged in the indictment was for possessing a single collection of child pornography on the date charged in the indictment, November 16, 2005, and as such constituted a single violation. *Id.* at 154. The government countered that each "matter which contain[s]" a prohibited image is a separate unit of prosecution such that the possession of

3

each such "matter" is a separate violation of § 2252(a)(4)(B). *Id.* at 155. The Second Circuit Court of Appeals disagreed. "Based on the clear language of the statute, we conclude that Congress intended to subject a person who **simultaneously possesses multiple books, magazines, periodicals, films, video tapes, or other matter containing a visual depiction of child pornography to only one conviction under** 18 U.S.C. 2252(a)(4)(B). *Id.* at 155.

The Second Circuit Court of Appeals found that it was plain error by the district court to enter multiple convictions for possession of child pornography, and remedied the error by reducing the eleven counts of possession to a single count for sentencing. *Polouizzi*, 564 F.3d at 155-56.

While the Polouizzi court was dealing with a different but closely related statute the analysis is the same. Title 18, section 2252(a), the relevant statute in Polouizzi, makes it a crime to:

> knowingly possess [ ] ... **1 or more books**, magazines, periodicals, films, videotapes, computer disk, or any other material that contains an image of child pornography ..."

18 U.S.C. § 2252(a)(4)(B) (emphasis added).

There the Second Circuit compared this statute to statutes which refer to the offending article using the term "any" rather than a more quantifiable term such as "one or more." Typically, the term "any", when used in a criminal statute has been found to be ambigious in regards to the unit of prosecution. The term "any" implies plurality, meaning where more than one offending article or action is possessed or done during the same time or committed in the same episode, it will give rise to only one unit of prosecution. (See United States v. Bell, 349 U.S. 85 (1955) However, 18 U.S.C. § 2252(a)(4)(B) used the term "1 or more" in relation to the

4

object of the offense. This indicated to the court that a person commits only one violation of the statute by possessing more than one matter containing a visual depiction of child pornography. *Id.* at 155. "The language of this statute is unlike other statutes that use the word "any," which is typically found to be unclear or ambiguous in regards to the unit of prosecution because the word "any" suggests plurality and does not specify the singular. *Id. (*citing *United States v. Coiro*, 922 F.2d 1008, 1014 (2d Cir. 1991) (quoting *United States v. Kinsley*, 518 F.2d 665, 668 (8th Cir. 1975)). Whereas, the term " any" suggests the plural the Circuit found that the language of 18 U.S.C. 2252(a)(4)(B) *specifically* specified the plural." *Polouizzi* at 155 Therefore, the court found that the plain language of the statute supports that a person who possesses "one or more" matters that contains a prohibited image has only violated the statute once. *Polouizzi*, 564 F.3d at 155. (*see United States v. Kimbrough*, 69 F.3d 723, 730 (5th Cir. 1995) (holding "the plain language of the statute's requirement that a defendant possess 'three or more' items indicates that the legislature did not intend for this statute to be used to charge multiple offenses.").

Polouizzi involved a statute that is worded almost identically to the statute in Hinkeldey's case and deals with the same subject matter. The rationale is the same. 18 U.S.C. 2252A(a)(5)(B), which Hinkeldey was charged under, contains language that employs the ambiguous term "any" to specify the matter subject of prosecution rather than the term " one or more". For a comparason; the language in Title 18, section 2252(a)(4)(B), (the statute in the *Polouizzi* case) makes it a crime to:

> knowingly possess [ ] ... **1 or more** books, magazines, periodicals, films, videotapes, computer disk, or any other material that contains an image of child pornography ..."

While the language of the statute in this case (Hinkeldey) is 18 U.S.C. § 2552A(a)(B)(5) which makes it a crime to:

knowingly possesses **any** book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography.

The question then becomes does this different language, "one or more" verses use of the term "any," make a difference with regards to the unit-of-prosecution analysis? The defense submits that it does not. First of all, the terms are nearly synonymous; the Merriam-Webster Dictionary defines "any" as including *"one, some, or all indiscriminately of whatever quantity: a: one or more-used to indicate an undetermined number or amount."*

The term "any" when used in a criminal statute has typically been found to be ambiguous in relation to the allowable unit of prosecution. *See United States v. Kinsley*, 518 F.2d 665, 667 (8th Cir. 1975). The allowable unit of prosecution for a federal offense is set by Congress. *United States v. Powers*, 572 F.2d 146, 150 (8th Cir. 1978). When Congress fails to set the unit of prosecution with clarity, doubt as to congressional intent is resolved in favor of lenity for the accused. *Id.* This settled rule of federal criminal law has received its most celebrated expression in *United States v. Bell*, 349 U.S. 81 (1955) *Bell* presented the issue of whether the simultaneous interstate transportation of two women in violation of the Mann Act (making unlawful the interstate transportation of "**any** woman or girl" for immoral purposes) constituted two offenses or only one. Finding the legislative intent ambiguous, the Court stated:

> About only one aspect of the problem can one be dogmatic. When Congress has the will it has no difficulty in expressing it-when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity.

*Id.* at 83.

In applying the rule of lenity the Court in *Bell* held that a single act of transporting two

women gave rise to only one unit of prosecution. 349 U.S. at 83.

Also, in the firearm cases; a designated class of persons, (most notably felons) are prohibited from possessing "**any**" firearms or ammunition. *Powers*, 572 F.2d at 146; *Kinsley* 518 F.2d at 665. This language of 18 U.S.C. 922(g) is logically indistinguishable from the language used in 18 U.S.C. § 2252A(a)(5)(B). § 922(g) provides that it is illegal to:

> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, **any** firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The Eighth Circuit has not directly addressed the issue of what is the correct unit of prosecution for defendants charged with multiple counts of possession of child pornography, but the Eighth Circuit has addressed a comparative statute by analyzing the unit of prosecution for a felon in possession of a firearm. The statutes are comparative because both use the term "any" when referring to the amount of child pornography or firearms that qualify to violate the statute.

The Eighth Circuit discussed the issue of unit of prosecution in *United States v. Kinsley*, 518 F.2d 665, 666-70 (8th Cir. 1975), where the court found the felon-in-possession statute at the time to be ambiguous under *Bell*, so the court applied the rule of lenity. In *Kinsley*, the relevant statute, 18 U.S.C. § 1202 (a)(1), provided punishment for a felon "who receives, possesses, or transports in commerce or affecting commerce ... *any* firearm ..." *Kinsley*, 518 F.2d at 667. The court held that when the defendants possessed four guns at the same time that comprised only one offense under the statute. *Id.* at 666. Like *Kinsley*, the statute in the present case also

7

utilizes the word "any" to define the offense – "a word which gives rise to *Bell*-type ambiguity." *Kinsley*, 518 F.2d at 670. The reason that the word "any" gives rise to confusion is because the word may be said to "fully encompass plural activity, and thus fails to unambiguously define the unit of prosecution in singular terms." *Id.* at 667. Later, the Eighth Circuit addressed a related issue and also concluded that the receipt of firearms is indistinguishable from the possession of firearms, and the court found the term "any" as related to the unit of prosecution was ambiguous as used in 18 U.S.C. § 922(h)(1). Thus, the court held that the receipt of multiple firearms constituted a single unit of prosecution. *United States v. Powers*, 572 F.2d 146, 150 (8th Cir. 1978).

The Eighth Circuit provided more direction to the unit of prosecution argument in its En Banc decision in *United States v. Richardson*, 439 F.3d 421 (8th Cir. 2006). In that case, the Eighth Circuit joined all other Federal Circuits and held that Congress intended the "allowable unit of prosecution" to be one incident of possession "regardless of whether the defendant has possessed multiple firearms, possessed a firearm and ammunition, or satisfied more than one 922(g) classification." *Richardson*, 439 F.3d at 422 (*See Bell v. United States*, 349 U.S. 81, 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955)).

The present case is very similar to the Polouizzi case. The Polouizzi defendant possessed multiple images on multiple and different types of mediums, all possessed at the same place, (his home) all part of the same collection, and was charged with in a multiple count (11) indictment as being in possession of the images on or about the same day, November 16th, 2005. Likewise, Defendant Hinkeldey was charged with being in possession of multiple images on multiple mediums, all possessed at the same place, (his home) all part of the same collection, and

8

was charged in a multiple count (6) indictment as being in possession of the images on or about the same day, October 11, 2007.

While Polouizzi was charged under 18 U.S.C. § 2252(a)(4)(B) which has the term "one or more," Hinkeldey was charged under 18 U.S.C. § 2252A(a)(5)(B) which uses the term "any", either way the result is the same. The Polouizzi court reasoned the term "one or more" gave rise to one unit of prosecution. And in the present case the term "any", as stated in *Bell* and based on the reasoning of other courts to have addressed the issue, where the term "any" precedes the offending conduct in a statute, it also gives rise to one unit of prosecution.

> **B.** **When Possessing Multiple Storage Devices Containing Child Pornography at the Same Time, Like Drugs or Guns, it Should Only Be Considered One Unit of Prosecution.**

As charged in the indictment, each of Hinkeldey's six counts of possession of child pornography was for, "on or about October 11, 2007, in the Northern District of Iowa, defendant, knowingly possessed and attempted to possess visual depictions of minors engaged in sexually explicit conduct. The visual depictions were produced using materials that had been shipped and transported in interstate and foreign commerce ..." The indictment charged possession of six separate storage devices. Hinkeldey was convicted of possessing child pornography on four separate Memorex CD-R Roms, one Fuji Zip Drive, and on a Compaq Presario computer.

There is no logical distinction between this defendant's possession of child pornography on different storage devices and a defendant who possesses multiple ounces of drugs that are kept in different storage containers – like plastic baggies, out loose on a scale, or in brick form.

While the government will undoubtedly argue that the six depictions of child

9

pornography were possessed on differed mediums and therefor support multiple prosecutions, the argument fails to logically distinguish this type of possession and the gun cases or for that matter, multiple prosecutions under the Mann Act in *United States v. Bell*.

In Polouizzi, the Second Circuit focused on whether the offending articles were in one collection possessed at the same place and the same time, and held that the circumstances constituted one unit of prosecution justifying only one charge. The Fifth Circuit has taken a different view. *See United States v. Planck*, 493 F.3d 501 (5th Cir. 2007):

> Where a defendant has a single envelope or book or magazine containing many images of minors engaging in sexual activity, the government often should charge only a single count. Here, however, the desktop, laptop, and diskettes Planck possessed were three separate types of material or media, each capable of independently storing images of child pornography. Along that line, where a defendant has images stored in separate materials (as defined in 18 U.S.C. § 2252A, such as a computer, a book, and a magazine, the Government may charge multiple counts, each for the type of material or media possessed, as long as the prohibited images were obtained through the result of different transactions.
>
> A contrary result would allow amassing a warehouse of child pornographic material-books, movies, computer images-with only a single count of possession as a potential punishment.

*Id.* at 503.

With due respect to the Fifth Circuit, this line of reasoning creates a distinction without a difference. If a defendant possesses one magazine with 50 depictions of child pornography all parties would agree that it should support one unit of prosecution. It is illogical to then hold that a defendant who possesses 50 magazines, each with one depiction of child pornography would be subject to 50 separate counts. Likewise, under the Fifth Circuit reasoning a defendant who possesses 10,000 images on a single hard drive would be subject to one prosecution whereas a defendant who possesses 10 images, one on his desk top, and nine on CD-Roms would be

10

subject to 10 separate charges. To take the matter further, what if a defendant with ten images on one CD (who would presumably be subject to one prosecution) then prints the images and pins them up on his wall? Would that defendant then be subject to additional prosecutions for the images he printed from his CD? Likewise, what about the defendant who keeps his images in print form in different drawers in his desk, can it be said he has the images in different places for purposes of bringing multiple charges? In the present case, Hinkeldey possessed the offending images in the form of digital codes and electronic impulses rather than paper. The fact remains that, like the *Polouizzi* defendant, he possessed a single collection of child pornography at a single place, and at trial the government proved the possession occurred in a single time frame. This is logically indistinguishable from the defendant who possesses multiple firearms in a single collection, at a single place in a single time.

It is a stretch to infer that Congress meant to say that every image of child pornography is worthy of one count of possession of child pornography. Congress has experience writing punitive statutes, and when Congress wants to draft a punitive statute, it knows how to do so. It is doubtful that Congress would intend for each instance of child pornography or each storage medium to result in a separate count of possession of child pornography. See *Bell* supra.

In the six counts of the indictment in the present case each reads "[o]n or about October 11, 2007, in the Northern District of Iowa, the defendant knowingly possessed and attempted to possess visual depictions of minors engaged in sexually explicit conduct." The only difference in each count is a reference to a particular Memorex CD-R compact disk for counts 1 through 4, in Count 5 a Compaq Presario tower PC, and in Count 6 a Fujifilm Zip Drive. Otherwise, all the counts are identical.

11

At trial, one image from each item was displayed to the jury. (There were a total of six images displayed to the jury.) The jury instructions do not make any reference to length of time of possession or the date of possession that any image was acquired. The only issues before the jury were if on or about October 11, 2007 Mr. Hinkeldey was in possession of child pornography.

## III. CONCLUSION

For the foregoing reasons, Hinkeldey respectfully requests this Court to find the charges as multiplicatus, to consolidate the charges at sentencing and to order the sentences for counts one through six to run concurrently with a statutory range of 0 to 120 months.

Respectfully submitted,

FEDERAL DEFENDER'S OFFICE
701 Pierce Street, Suite 400
Sioux City, Iowa 51101-1036
(712) 252-4158 Telephone
(712) 252-4194 Fax
E-mail: Mike_Smart@fd.org
Contact E-Mail:Annette_Torgerson@fd.org

By: /s/ Michael L. Smart
MICHAEL L. SMART
ATTORNEY FOR DEFENDANT

Original Filed with Court
Copies mailed/ECF to:

Mr. Timothy Duax
Assistant U.S. Attorney

12

ATTORNEY FOR PLAINTIFF,

UNITED STATES OF AMERICA

Mr. Denny Hinkeldey

DEFENDANT

**CERTIFICATE OF SERVICE**

I served a copy of this document on the attorneys of record of all parties as follows:

1. Method of Service: (√) first class mail

    (√) Electronic service

    ( ) certified mail, return receipt requested

2. Date served: July 21, 2009.

I declare that the statements above are true to the best of my information, knowledge, and belief.

   /s/ Annette Torgerson

13

Case 5:08-cr-04024-LTS-KEM   Document 55   Filed 07/21/09   Page 13 of 13